**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| PATRICE SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:23-CV-98 (WLS) |
| | : | |
| CAPTAIN DS LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **ORDER**

Before the Court is Defendant Captain D's, LLC's ("Defendant") Motion for Summary Judgment (Doc. 15) ("the Motion"). The Court has conducted a preliminary review of the Motion and briefing. The Court finds that supplemental briefing is necessary.

**First**, it is unclear to the Court upon which claims Defendant moves for summary judgment and upon which claims Plaintiff opposes summary judgment. The Complaint (Doc. 1-2) alleges two claims: one for negligence and another for breach of warranty. (Doc. 1-2 ¶¶ 12, 15).[1] Nevertheless, Defendant submits that "Plaintiff's cause of action is codified at O.C.G.A. § 51-2-23[.]" (Doc. 15 at 4). Section 51-2-23 provides a cause of action for intentionally or negligently selling unwholesome food. In other words, § 51-2-23 codifies Plaintiff's negligence claim. Despite addressing only one of two causes of action—negligence—Defendant moves for summary judgment on all claims (Doc. 15 at 4–6). It is unclear which claims Defendant moves for summary judgment on, and which arguments in the Motion apply to which claim.

Plaintiff, on the other hand, opposes summary judgment based on the language and application of O.C.G.A. § 11-2-314. (Doc. 18 at 4–6). Section 11-2-314 codifies a Uniform

---

[1] Nothing in this Order should be construed as making ultimate findings as to Defendant's Motion for Summary Judgment. These issues will be decided only when the Court issues its final order ruling on the motion. Instead, the Court provides here a description of the issues the Court sees based on its preliminary review of the Motion to provide the Parties context to inform their supplemental briefing.

1

Commercial Code claim for Breach of Warranty. Although it is clear that Plaintiff opposes summary judgment on his Breach of Warranty claim, it is unclear whether he concedes that summary judgment is warranted on his Negligence claim. Plaintiff's position on this point is critical, because the Court may not grant summary judgment based on a lack of response from the non-moving party. *See United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave.*, 363 F.3d 1099, 1102–03 (11th Cir. 2004).

As to this first issue, the Court requires Defendant to supplement its Motion with the following information: (1) Defendant's position on whether it moves for summary judgment on Plaintiff's Negligence claim, Plaintiff's Breach of Warranty Claim, or both, and (2) Defendant's position as to which specific arguments asserted apply to the Negligence claim, the Breach of Warranty claim, or whether the arguments apply to both.

The Court requires Plaintiff to supplement her Response with the following information: (1) Plaintiff's position as to whether she opposes summary judgment on her Negligence claim, her Breach of Warranty claim, or both and (2) Plaintiff's position as to which specific arguments apply to the Negligence claim, the Breach of Warranty claim, or whether the arguments apply to both.

**Second**, it is unclear to the Court whether and to what extent Defendant's arguments for dismissal based on "causation of damages" apply to each source and type of damages asserted. Plaintiff alleges she suffered several forms of damages (i.e., dental, orthodontic, pain and suffering). Yet Defendant moves for summary judgment generally, apparently not considering the possibility that summary judgment might be warranted for some, but not all of the damages asserted.

As to this second issue, the Court requires Defendant to supplement its motion with the following information: (1) Defendant's position on whether it moves for summary judgment as to all types of damages asserted or whether it moves for partial summary judgment as to the particular forms of damages for which Plaintiff cannot show causation, and (2) Defendant's position as to which specific arguments asserted apply to which types of damages, or whether the arguments apply to all forms of damages.

The Court requires Plaintiff to supplement her brief with a response to the issues Defendant is required to address as to this second issue.

Accordingly, Defendant is **ORDERED** to submit a supplemental brief, addressing the issues described above no later than **Tuesday, October 29, 2024**. Plaintiff is **ORDERED** to submit a supplemental brief, addressing the issues described above no later than **fourteen (14) days** after Defendant has submitted its supplemental brief. Such briefing shall be limited to **seven (7) pages**, excluding signature page and service certification, as to each party. No additional briefing is authorized unless expressly authorized by separate Court order or notice.

**SO ORDERED**, this 7th day of October 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**